UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD BROWN, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV1203 JCH |
| ) | |
| KIRKWOOD MASONRY, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment Against Defendant Kirkwood Masonry, Inc., filed on October 26, 2012. (ECF No. 19). Defendant Kirkwood Masonry, Inc. ("KMI") filed a response indicating it was not opposing Plaintiffs' motion insofar as Plaintiffs' motion is solely directed to Plaintiffs' claims against KMI. Plaintiffs did not file a reply to KMI's response, and the time for filing a reply has passed. See Local Rule 7-4.01(C).

**BACKGROUND**

KMI entered into a collective bargaining agreement with Bricklayers Local Union No. 1 effective June 1, 2006, through May 31, 2011. (Statement of Undisputed Facts ("SUF"), ECF No. 21, ¶ 1). The collective bargaining agreement required KMI to make contributions on the basis of all hours worked by covered employees to the Bricklayers Local Union No. 1 of Missouri Welfare Fund, Bricklayers Local Union No. 1 of Missouri Pension Trust, Bricklayers Local Union No. 1 of Missouri Supplemental Pension Plan, Bricklayers and Trowel Trades International Pension Fund, Bricklayers Local Union No. 1 of Missouri Vacation Trust, and Bricklayers Local Union No. 1 of Missouri Apprenticeship and Training Trust. (Id., ¶ 2). The collective bargaining agreement also required KMI to remit union dues to Bricklayers Local Union No. 1, submit weekly remittance

reports, make its books and records available for inspection, and pay liquidated damages on delinquent contributions. (Id., ¶¶ 2, 3, 4). The contributions and dues remittances were made by purchasing fringe benefits electronically. (Id., ¶ 2).

On June 18, 2012, an audit of KMI's payroll records for the period of January 1, 2011, through May 31, 2012, reflected that KMI owed contributions of $80,867.75 and liquidated damages of $11,606.29. (Id., ¶ 5). After the audit was issued, KMI paid contributions of $13,442.00. (Id., ¶ 6). KMI also asserted that two individuals listed on the audit had not performed covered work during the audit period and should not have been included. (Id., ¶ 8). The audit was revised to remove these two individuals. (Id., ¶ 9). The revised audit report reflected that KMI owes $56,071.60 in contributions and $7,696.62 in liquidated damages, for a total of $63,768.22. (Id., ¶ 10). Plaintiffs also incurred audit costs of $1,669.96. (Id., ¶ 11). All of these amounts remain unpaid. (Id., ¶ 12).

Plaintiffs brought this action in this Court on July 5, 2012, to enforce the provisions of their employee benefit plans. Plaintiffs assert Defendants operate as a single enterprise and that each is the alter ego of the other. (Amended Complaint, ECF No. 9, ¶ 19). This Court has subject matter jurisdiction under §§ 502(a)(3)(ii) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, §§1132(a)(3)(ii) and 1145, and § 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a).

## STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive

law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249.

## **DISCUSSION**

Plaintiffs argue they are entitled to summary judgment against KMI because the undisputed facts show KMI owes them $56,071.60 in contributions, $7,696.62 in liquidated damages, and $1,669.96 in accounting costs. KMI indicates it has no objection to Plaintiffs' motion for summary judgment.

Section 502(g)(2) of ERISA provides as follows:

(1) In any action under this subchapter...by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
> > (A) the unpaid contributions,
> >
> > (B) interest on the unpaid contributions,
> >
> > (C) an amount equal to the greater of–
> >
> > > (i) interest on the unpaid contributions, or
> > >
> > > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> >
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> >
> > (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g).

Viewing the undisputed facts in the light most favorable to KMI, the Court finds Plaintiffs are entitled to the damages they seek in their motion for summary judgment. Therefore, Plaintiffs' Motion for Summary Judgment will be granted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment Against Defendant Kirkwood Masonry, Inc. (ECF No. 19) is **GRANTED**. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 3rd day of January, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE